UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LORUSSO,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION,<br><br>Defendant. | Case No. 22-cv-03837-JST<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: ECF No. 6 |

Plaintiff, an inmate at Polk Correctional Institution in Polk City, Florida, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 6. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**A.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels

1   the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing.

2   *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight

3   or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it

4   was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all

5   unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a

6   prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and

7   other relevant information, the district court determines that the action was dismissed because it

8   was frivolous, malicious or failed to state a claim." *Id.* at 1121. A district court is not required to

9   announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal

10  to later count as a strike. *See Andrews*, 398 F.3d at 1119 n.8.

11  In determining whether a prior dismissal counts as a strike, the Court "should look to the

12  substance of the dismissed lawsuit, and not to how the district court labelled or styled the

13  dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and

14  citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous,

15  malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the

16  plaintiff previously incurred at least three strikes, without any additional finding that the action is

17  itself frivolous, malicious or fails to state a claim, does not count as an additional strike under

18  § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)

19  The plain language of the imminent danger clause in Section 1915(g) indicates that

20  "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v.

21  Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at

22  some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-

23  filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request

24  for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he

25  imminent danger exception to the PLRA three-strikes provision requires a nexus between the

26  alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31

27  F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into

28  whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at

1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

### B.   Prior Denials of *In Forma Pauperis* Status

On October 28, 2022, Plaintiff was denied leave to proceed *in forma pauperis* by a district court in the Northern District of Texas pursuant to 28 U.S.C. § 1915(g). *LoRusso v. Gohmert*, No. 3:22-CV-1504-N-BK, 2022 WL 16540081 (N.D. Tex. Oct. 28, 2022) *adopting report and recommendation at LoRusso v. Gohmert*, No. 3:22-CV-1504-N-BK, 2022 WL 16540680, at *1–2 (N.D. Tex. Sept. 26, 2022). In the underlying report and recommendation, the Court described Plaintiff's litigation history, including the fact that he has been barred from filing civil lawsuits pursuant to 28 U.S.C. § 1915(g) by various courts nationwide:

> LoRusso has a long and abusive filing history, having filed over 40 non-habeas civil actions nationwide. [FN 1] Also, he has accrued three strikes under § 1915(g). Before this lawsuit was filed, district courts in Georgia and Florida dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b) at least five civil actions that LoRusso filed while confined as a prisoner. *See, e.g., LoRusso v. McCabe*, 8:20-CV-1916 (M.D. Fla. Dec. 15, 2020) (dismissal for failure to state a claim under § 1915(e)(2)); *LoRusso v. Upton*, 1:03-CV-132 (M.D. Ga. Sept. 16, 2003) (dismissal as frivolous under § 1915(e)(2)); *LoRusso v. Fayetteville, Ga.*, 1:03-CV-005 (M.D. Ga. Nov. 3, 2003) (dismissal as frivolous under § 1915A(b)); *LoRusso v. Upton*, 1:03-CV-138 (M.D. Ga. Sep. 16, 2003) (dismissal for failure to state a claim under § 1915(e)(2)). In addition, several courts nationwide held previously that LoRusso is barred from filing civil lawsuits by the PLRA three-strike provision. *See e.g. LoRusso v. DeSantis*, No. 8:21-CV-2198 (M.D. Fla. Oct. 15, 2021) (collecting cases and dismissing as barred by the three strikes under § 1915(g)); *LoRusso v. Gualtieri*, No. 8:21-CV-2786 (M.D. Fla. Jan. 10, 2022) (same); *LoRusso v. Florida Dep't of Corr*., 8:22-CV-1606 (M.D. Fla. July 21, 2022) (same); *LoRusso v. Brooks*, 2:22-CV-0260 (N.D. Ala. May 17, 2022) (same); *LoRusso v. Crowder*, No. 2:22-CV-448 (D. Utah Aug. 3, 2022) (same).
>
> Having accumulated three "strikes," § 1915(g) precludes LoRusso from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Here, LoRusso contends that Texas Congressman Gohmert has "spread lies [about] the 2020 election . . . along with President Trump [and] emotionally damaged every American" because it led to violence and the attack on the U.S. Capitol. Doc. 6 at 3-4. Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. *See Roberson v. Morgan*, 858 F. App'x 158,

>159 (5th Cir. 2021) (per curiam) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g)."). LoRusso is thus barred from proceeding in forma pauperis under § 1915(g).
>
>FN 1: *See* PACER Case Locator at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Sept. 19, 2022).

*LoRusso v. Gohmert*, No. 3:22-CV-1504-N-BK, 2022 WL 16540680, at *1–2 (N.D. Tex. Sept. 26, 2022), *report and recommendation adopted*, No. 3:22-CV-1504-N-BK, 2022 WL 16540081 (N.D. Tex. Oct. 28, 2022).

      A recent search of the federal court's electronic filing system indicates that Plaintiff has filed approximately 80 cases or appeals in district courts and circuit courts throughout the nation. *See* PACER Case Locator at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Dec. 22, 2022). Plaintiff has filed two cases in this court: this case and C No. 22-cv-03837-JST, *LoRusso v. Chevron Corp.* The Court has reviewed some of Plaintiff's prior filings and finds that he has at least three cases which were dismissed either as missed as either frivolous, malicious, or for failure to state a claim:

      (1)    <u>*LoRusso v. McCabe*</u>, 8:20-cv-01916-TPB-AEP (M.D. Fla.) ("*McCabe*"). In *McCabe*, Plaintiff alleged that three state prosecutors were violating his civil rights in his state court criminal prosecution by withholding discovery, pursuing a vindictive prosecution, and pursuing a prosecution that violates the Double Jeopardy Clause. The *McCabe* court dismissed the action for failure to state a claim because the claims were barred by prosecutorial immunity. *McCabe*, ECF No. 11 (Dec. 15, 2020). The *McCabe* court's dismissal qualifies as a strike for failure to state a claim because the prosecutorial immunity defense was readily apparent without resort to any additional information outside the four corners of the complaint. *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity constituted strike because prosecutorial immunity defense readily apparent from complaint).

      (2)    <u>*LoRusso v. Dillinger*</u>, 8:20-cv02748-WFJ-AAS (M.D. Fla.) ("*Dillinger*"). In *Dillinger*, Plaintiff sued his public defender and various assistant public defenders handling his pending Pinellas County criminal case, alleging incompetence and fraudulent conduct in poorly and dishonestly defending him. The *Dillinger* court dismissed the action with prejudice because

4

public defenders are not state actors under Section 1983. *Dillinger*, ECF No. 2 (Nov. 23, 2020). The *Dillinger* court's dismissal qualifies as a strike for failure to state a claim. *See West v. Atkins*, 487 U.S. 42, 28 (1988) (in order to state claim under 42 U.S.C. § 1983, plaintiff must plead facts establishing that defendants (1) deprived plaintiff of right secured by Constitution or laws of United States; and (2) acted under color of state law).

(3)     *LoRusso v. Upton*, C No. 1:03-cv-00132-WLS-RLH (WLS) (M.D. Ga.) ("*Upton*"). In *Upton*, Plaintiff alleged that the prison's policy limiting indigent inmates to five postage stamps a week was unconstitutional and that indigent inmates should receive unlimited stamps for legal mail. The *Upton* court dismissed this claim as frivolous because the regulation was reasonably related to prison security and therefore did not violate the First Amendment right of access to the courts; Plaintiff had not established that the policy had denied him access to the court; Plaintiff had not denied an actual denial of postage for his legal mail; and the fact that Plaintiff had filed three lawsuits with the court in the last month indicated that he was able to access the courts. *Upton*, ECF No. 4 (Sept. 16, 2003). The *Upton* court's dismissal of this action as frivolous qualifies as a strike. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("case is frivolous if it is of little weight or importance: having no basis in law or fact") (citation and internal quotation marks omitted).

**C.     Complaint**

The complaint makes the following allegations: Since Russia invaded Ukraine, defendant Chevron Corporation has been price gouging by charging excessive prices for gasoline. The price-gouging has caused inflation which has economically damaged the American people. Defendant Chevron is destroying the planet and harming the environment, and does so because it is only interested in profit. Defendant Chevron has hidden its profits in "Big Tobacco." Defendant Chevron is robbing from, and poses a clear and present danger to, the American people. The complaint does not identify any legal causes of action. *See generally* ECF No. 1.

Plaintiff has not alleged imminent danger of serious physical injury from defendant Chevron. Nor do the complaint's allegations reasonably indicate that Plaintiff faces imminent danger of serious physical injury from defendant Chevron. Accordingly, within **twenty-eight (28)**

5

**days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

### CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: January 13, 2023



JON S. TIGAR
United States District Judge